**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| WILLIAM LEMON, ET AL. | CIVIL ACTION NO. 64-10687 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| SCHOOL BOARD OF BOSSIER PARISH, ET AL. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is a Motion to Add Plaintiff Class Representatives (Record Document 87) filed by Ms. Omari Ho-Sang, on behalf of her minor children, K.H. and K.M.H., Dr. Katraya Williams, on behalf of her minor children, B.W. and K.W., and the Louisiana State Conference of the NAACP ("NAACP"), on behalf of its members, (collectively, "Movants"). The United States and the Bossier Parish School Board (the "School Board") oppose the motion. See Record Documents 99 and 100. For the reasons set forth below, the Motion is **DENIED**.

**FACTUAL BACKGROUND**

This litigation began in 1964 when the original plaintiffs filed suit against the School Board challenging racial segregation in the Bossier Parish school system. See Record Document 1. The action resulted in the entry of orders requiring the School Board to dismantle its segregated system and comply with federal constitutional and statutory desegregation requirements.

In 1965, the United States intervened as a plaintiff. See id. The record reflects that the United States has remained an active participant in the litigation since that time, while the original private plaintiffs ceased active participation before the 1980s. See id. Since that time, proceedings in this case have largely occurred between the United States and

the School Board in connection with various desegregation orders and the Court's continuing jurisdiction over the matter. Although substantial progress has been made, the Court has not declared the Bossier Parish school system fully unitary. Accordingly, this matter remains pending for overseeing compliance with desegregation obligations.

Movants filed the present motion seeking to enter this litigation as new representatives of what they contend is an existing plaintiff class. See Record Document 87 at 3. Movants argue that this case is a class action and that they may therefore be substituted as class representatives. See id. at 4. Alternatively, Movants contend they should be permitted to intervene in the action. See id.

The United States and the School Board oppose the motion. See Record Documents 99 and 100. They argue that this action is not presently maintained as a class action and therefore substitution is unavailable. See Record Documents 99 at 2 and 100 at 7–12. They further contend that Movants do not satisfy the requirements for intervention under Rule 24 of the Federal Rules of Civil Procedure. See Record Documents 99 at 5–6 and 100 at 13–17.

## LAW AND ANALYSIS

### I.    Class Action Inquiry

Movants' request for substitution rests on the premise that this litigation is a class action. The Court disagrees. Rule 23 governs the maintenance of class actions in federal court. In 1966, Rule 23 was substantially amended to require that courts determine whether a case should proceed as a class action. The amended rule provides that "[a]t an early practicable time after a person sues or is sued as a class representative, the

2

court must determine by order whether to certify the action as a class action." Fed. R. Civ. P. 23(c)(1)(A).

The Fifth Circuit has explained that the 1966 amendments fundamentally changed the procedure governing class actions and apply to cases that were pending when the amendments took effect. See Jones v. Caddo Parish Sch. Bd., 704 F.2d 206, 212–13 (5th Cir. 1983). Therefore, the certification requirements of Rule 23 apply even to cases filed before the amendment. See id. at 212; see also Fed. R. Civ. P. 23(c)(1). Because the record in Jones did not reflect a request or order for certification in accordance with Rule 23(c)(1), the Fifth Circuit concluded that the case could not proceed as a class action. See 704 F.2d at 212–13.

The same reasoning applies here. Although some early decisions in this case referenced the matter as a "class action," the record does not contain an order certifying a class pursuant to the requirements of the amended Rule 23. Nor does the record reflect that the action has been litigated as a class action for decades. Instead, the docket demonstrates that the original private plaintiffs ceased active participation before the 1980s and that the litigation has proceeded between the United States and the School Board.

Movants rely on several cases in which courts permitted substitution or intervention by additional plaintiffs in school desegregation litigation. However, those authorities are distinguishable. In the cases cited by Movants, the courts allowed substitution or intervention primarily to prevent the action from becoming moot due to the loss of a named plaintiff with standing. See Graves v. Walton Cnty. Bd. of Educ., 686 F.2d 1135, 1137–38 (5th Cir. 1982); see also Lynch v. Baxley, 651 F.2d 387, 388 (5th Cir. 1981). In those

circumstances, the continued viability of the litigation depended upon the presence of a proper plaintiff. That concern is not present here. The United States has remained an active party to this litigation for decades and continues to litigate the matter to enforce federal desegregation obligations. Movants have not shown that the United States inadequately represents the interests they seek to assert, nor have they demonstrated that the inactivity of the original private plaintiffs rendered the case moot.

In light of the absence of certification under Rule 23 and the prolonged dormancy of the original plaintiffs, the Court concludes that this case is not presently maintained as a class action. Accordingly, Movants' attempt to enter the case through substitution of class representatives is misplaced.

## II.      Substitution

Movants seek to enter this litigation by substituting themselves as class representatives. That request is premised on the assumption that this action is presently maintained as a class action and that the Court may simply replace inactive plaintiffs with new representatives. The Court has already concluded that this case is not currently maintained as a class action and that determination forecloses substitution.

Substitution is appropriate in a class action because the class itself is the real party in interest, while the named plaintiffs serve only as representatives of that class. When a named representative becomes unable to continue litigating (i.e. when a student graduates) the court may substitute a new representative so that the class may continue to pursue its claims. See Fed. R. Civ. P. 23; Graves v. Walton Cnty. Bd. of Educ., 686 F.2d 1135, 1138 (5th Cir. 1982) (stating that "[i]t is firmly established that where a class action exists, members of the class may intervene or be substituted as named plaintiffs in order

to keep the action alive after the claims of the original named plaintiffs are rendered moot."). However, that rationale does not apply here.

As explained above, the record does not reflect that this action has been maintained as a certified class action under Rule 23, nor has the litigation functioned as a class action for decades. Because no class has been certified and the case has long proceeded without participation from the original private plaintiffs, there is no existing class for which Movants could serve as substitute representatives. Additionally, the concerns about mootness that motivated substitution in Graves are not present here. See id. at 1138.

Moreover, the Fifth Circuit has explained that when nonparties seek to participate in ongoing school desegregation litigation, the proper procedural mechanism is intervention under Rule 24 rather than substitution of parties. See Hines v. Rapides Parish Sch. Bd., 479 F.2d 762, 765 (5th Cir. 1973); see also Franklin v. Franklin Parish Sch. Bd., 47 F.3d 755, 757–58 (5th Cir. 1995). These cases recognize that individuals who were not previously parties may seek entry into the litigation through intervention.

Accordingly, because this action is not presently maintained as a class action and because Movants are not existing parties whose representatives may simply be replaced, substitution is not available. The Court therefore turns to whether Movants may intervene under Rule 24.

### III.    Intervention of Right

Rule 24(a)(2) provides that a court must permit intervention to anyone who, upon timely motion, "claims an interest relating to the property or transaction that is the subject of the action" and who "is so situated that disposing of the action may as a practical matter

impair or impede the movant's ability to protect its interest," unless existing parties adequately represent that interest. The Fifth Circuit has explained that intervention of right requires a movant to establish four elements: (1) the motion to intervene is timely; (2) the movant has an interest relating to the property or transaction which is the subject of the action; (3) disposition of the action may impair or impede the movant's ability to protect that interest; and (4) the movant's interest is inadequately represented by the existing parties. See Texas v. United States, 805 F.3d 653, 657 (5th Cir. 2015). Failure to satisfy any one of these requirements is sufficient to deny intervention. See id. Movants have not satisfied these requirements.

First, Movants have not demonstrated that the existing parties inadequately represent the interests they seek to assert. The United States has participated in this litigation for decades and continues to pursue enforcement of federal desegregation obligations. Movants have not identified any concrete divergence between their interests and those of the United States, nor have they shown that the government has failed to advocate for compliance with federal desegregation law. Where an existing party shares the same ultimate objective as the proposed intervenor, courts presume adequate representation. See id. at 661–62. To overcome this presumption, the movant must show "adversity of interest, collusion, or nonfeasance on the part of the existing party …." Id. at 661–62.

Here, Movants state that the "United States has begun colluding with the Louisiana Attorney General to summarily dismiss desegregation orders." Record Document 87 at 4–5. Movants argue that because the United States is "likely to abandon its past enforcement and defense of this Court's order," Movants should be allowed to intervene

in the action. Id. at 5. However, Movants offer no evidence supporting their allegation of collusion beyond speculation regarding potential future litigation positions. As the School Board notes in its opposition, the Fifth Circuit has recognized that consultation between the United States and state officials regarding desegregation litigation is not improper. See Jones, 704 F.2d at 221 (5th Cir. 1983). Unsupported speculation that the United States may alter its litigation strategy at some point in the future does not establish collusion, adversity of interest, or nonfeasance sufficient to overcome the presumption of adequate representation.

Second, Movants have not shown that the disposition of this action will impair their ability to protect their interests. Because the United States remains an active party seeking to ensure compliance with the Court's desegregation orders, Movants have not demonstrated that their interests would be impaired absent their participation in the case.

Third, the Movants' motion is not timely. Timeliness is a threshold requirement for intervention under Rule 24. The determination of timeliness is "largely committed to the discretion of the district court." Stallworth v. Monsanto Co., 558 F.2d 257, 263 (5th Cir. 1977). In determining whether a motion to intervene is timely, courts consider several factors, including the length of time during which the proposed intervenor knew or reasonably should have known of its interest in the case, the extent of prejudice to existing parties caused by the delay, the extent of prejudice to the proposed intervenor if his petition is denied, and the presence of unusual circumstances. See id. at 264–66.

Here, the delay is extraordinary. This litigation has been pending since 1964, and the original private plaintiffs ceased active participation before the 1980s. Movants nonetheless seek to enter the case now, after the United States has served as the primary

litigant for nearly 50 years. In <u>Jones</u>, the court affirmed the denial of intervention in school desegregation litigation where the motion was deemed untimely after a far shorter period during which the United States had been the primary participant in the case. <u>See</u> 704 F.2d at 213 (the court noted that from 1974 to 1981, a period of six years, "the black citizens of Caddo Parish were heard from, either through the original named plaintiffs or otherwise, only once."). If intervention was untimely under the circumstances presented in <u>Jones</u>, the decades-long delay present here renders Movants' request plainly untimely.

Second, allowing intervention at this stage would prejudice the existing parties. For decades, the United States and the School Board have litigated this matter and worked toward achieving full unitary status. Permitting new parties to enter the case at this late stage would necessarily expand the scope of the litigation, potentially reopen issues that have long been addressed, and impose additional litigation burdens on the existing parties after years of progress under the current framework.

Third, Movants would not suffer meaningful prejudice if intervention is denied. As discussed above, the United States remains an active party in this litigation and continues to pursue enforcement of federal desegregation obligations. Movants have not demonstrated that the United States inadequately represents the interests they seek to advance. Accordingly, denial of intervention does not leave Movants' asserted interests unprotected.

Finally, the Court recognizes that school desegregation cases present unusual circumstances and often remain pending for extended periods of time while courts oversee compliance with constitutional mandates. The Court is not unsympathetic to Movants' concerns regarding racial discrimination in Bossier Parish. Nevertheless, the

unusual nature of desegregation litigation does not excuse the extraordinary delay present here.

For decades, this case has proceeded under the existing framework in which the United States has represented the public interest in enforcing federal desegregation obligations. Movants' request to enter the litigation now—many decades after the original plaintiffs ceased participation and after substantial progress toward unitary status has been made—does not constitute a sufficient justification for intervention. Because Movants have not demonstrated inadequate representation, impairment of their interests, or timeliness, intervention of right is not warranted.

## IV.    Permissive Intervention

Movants alternatively request permissive intervention under Rule 24(b). Rule 24(b)(1)(B) provides that, on timely motion, the court may permit intervention to anyone who "has a claim or defense that shares with the main action a common question of law or fact." In determining whether one should be permitted to intervene, the court must first ask whether there is a common question of law or fact. See Stallworth, 558 F.2d at 269. If so, then the court must use its discretion to determine whether intervention should be allowed. See id.

Here, Movants' claims share common questions of law and fact with the issues already before the Court. However, as with intervention of right, a motion for permissive intervention must be timely. See Fed. R. Civ. P. 24(b). For the reasons discussed above, Movants' request is not timely.

Moreover, permitting intervention at this late stage would risk delaying or complicating the resolution of this long-running litigation. Given the age of this case and

the extensive proceedings that have already occurred, the Court finds that allowing new parties to enter the litigation now would result in undue delay and complications that cannot be justified, particularly where Movants have not demonstrated that the United States is inadequately representing the interests they seek to assert. Accordingly, the Court declines to exercise its discretion to permit permissive intervention.

## CONCLUSION

Based on the reasons explained above, Movants' Motion to Add Plaintiff Class Representatives (Record Document 87) is **DENIED**.

An order consistent with this ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 6th day of March, 2026.

_____

JUDGE S. MAURICE HICKS, JR.
UNITED STATES DISTRICT COURT